IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ, | ) |
| | ) |
| Plaintiff, | ) 16 C 50023 |
| | ) |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| JOHN O'BRIEN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

With regard to defendants' motion for summary judgment on the limited basis of exhaustion [82], defendants are ordered to indicate within 30 days if they wish to proceed with their motion. If so, the parties are to appear before Magistrate Judge Johnston to conduct an evidentiary hearing as required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *see also Smith v. Schwartz*, 2012 WL 1600559 (S.D. Ill. 2012) (district court may designate magistrate judge to conduct *Pavey* hearing and prepare a report and recommendation on exhaustion).

## STATEMENT-OPINION

As this court explained in its order of March 30, 2017 [67], granting in part and denying in part the defendants' motion to dismiss, this matter arises out of plaintiff Juan Gonzalez's claims that defendants were deliberately indifferent to his medical needs when they repeatedly denied him dentures because he could not pay for them. In its order, the court allowed the case to proceed against Dr. O'Brien, Wexford, and the Dixon Warden in his official capacity. *See id.*

After the court's order, on August 14, 2017, defendants O'Brien and Wexford filed a motion for summary judgment on the limited issue of plaintiff's failure to exhaust his administrative remedies [82], along with a memorandum in support [83] and a Rule 56.1 statement of undisputed facts. Dr. Varga joined the motion and subsequent briefs. On September 1, 2017, plaintiff filed a response [90], answer to defendants' statement of facts [88], and statement of additional facts [89]. On September 15, 2017, defendants filed a reply [92] and answer to plaintiff's statement of additional facts [93]. These matters are now ripe for the court's review.

On summary judgment, the court construes all facts and draws all inferences in the light most favorable to the non-moving party. *Schepers v. Commissioner, Indiana Dept. of Corrections,* 691 F.3d 909, 913 (7th Cir. 2012). The court does not weigh evidence or determine

the credibility of witness testimony. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011). Instead, the court only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That said, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the motions and the undisputed facts located in the parties' Local Rule 56.1 Statements of Material Fact with respect to each motion, the court is cognizant of its obligation to construe all disputed and undisputed facts in the light most favorable to the plaintiff. *See Schepers*, 691 F.3d at 913. This is particularly true where the court contemplates ruling without the benefit of a *Pavey* evidentiary hearing, which is designed to resolve contested issues of fact surrounding exhaustion. *See Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016).

A. Factual Background.

The court has explained much of the relevant factual background of this case in its order regarding defendants' motion to dismiss [67]. Familiarity with those facts is assumed, and the parties here focus on plaintiff's efforts to exhaust his administrative remedies. For purposes of this motion, a brief procedural summary will suffice.

The relevant grievance here was filed by plaintiff on approximately April 22, 2015, in which plaintiff described defendants' refusal to provide him with free dentures. *See* [88] at ¶ 19. Plaintiff submitted the grievance directly to the Chief Administrative Officer as an "emergency" grievance. *Id*. On April 24, 2015, the CAO determined that the grievance was not an emergency and returned it to plaintiff with instructions to submit it following the normal grievance procedures. *Id*. at ¶ 20. According to plaintiff, he showed this response to his counselor, who advised him to "Send it to Springfield," meaning the Administrative Review Board in Springfield. *Id*. Plaintiff then appealed the decision to the Administrative Review Board. *Id*.

On May 28, 2015, Chairperson Knauer reviewed plaintiff's grievance and determined that he had improperly appealed the grievance rather than resubmit it in the normal fashion; however, the parties dispute whether Knauer ever properly sent a response to plaintiff or that he ever received it. [88] at ¶ 21; [93] at ¶ 5. According to plaintiff, he never received a response, and in fact he submitted follow up correspondence to the ARB on June 25, 2015 requesting that they rule on his appeal. [88] at ¶ 22; [93] at ¶ 4. Plaintiff never received any response to his appeal or his follow up correspondence. [93] at ¶ 6. The ARB never ruled on the merits of plaintiff's grievance. *Id*. at ¶ 24.

B. Analysis.

The parties disagree as to whether plaintiff exhausted his administrative remedies prior to brining suit in this action. "A prisoner cannot bring a cause of action under federal law regarding prison conditions 'until such administrative remedies as are available are exhausted.'" *Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). "Federal

2

courts strictly enforce this requirement, and a prisoner fulfills this duty by adhering to 'the specific procedures and deadlines established by the prison's policy.'" *Hernandez*, 814 F.3d at 842 (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)).

Here, the parties extensively cite the court's reasoning in *Edens v. O'Brien*, 2016 WL 4191756 (N.D. Ill. 2016), in which the court found that another plaintiff had failed to properly exhaust his administrative remedies after filing an emergency grievance, appealing the Warden's denial of emergency status to the ARB, and then failing to respond to the ARB's request for additional information. As both parties point out, the court extensively discussed much of the relevant and binding case law surrounding this issue in the *Edens* case, which the court will not repeat here. Because the parties both discuss *Edens* at length, familiarity with that decision and the court's reasoning is assumed.

In summary, the court noted that the primary Seventh Circuit opinion on the issue is *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005), in which the Seventh Circuit held that "[t]here is nothing in the current regulatory text . . . that requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis." *Id.* In *Bulmer v. Young*, 160 F. App'x. 524 (7th Cir. 2005), the Seventh Circuit held in similar circumstances "that [while] inmates must exhaust only those remedies that are available . . . there was a remedy available to [the plaintiff]: the grievance liaison officer advised him to refile his February 2002 emergency grievance as a routine grievance, and he did." *Id.* at 527. Next, in *Muhammad v. McAdory*, 214 F. App'x. 610 (7th Cir. 2007), the Seventh Circuit cited *Thornton* for the proposition that "an inmate who has requested that prison officials handle a grievance on an emergency basis under Title 20, § 504.840, of the Illinois Administrative Code is not required to resubmit that grievance through the standard procedure after the warden-the official responsible for acting on emergency grievances-concludes that the grieved condition is not an emergency." *Id.* at 612-13. The most recent case to significantly confront the issue of exhaustion in the context of emergency grievances was *Glick v. Walker*, 385 F. App'x. 579 (7th Cir. 2010), where the Seventh Circuit held that

> The defendants' position that [the plaintiff] was required to go back to the grievance officer and start over after his emergency grievance had been rejected by the warden and the ARB is at odds with 20 Ill. Admin. Code. § 504.840 and *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir.2005). In *Thornton*, which the defendants fail to acknowledge, we explained that an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary. The defendants cannot use the exhaustion requirement to demand that an inmate do more than what administrative rules require.

*Id.* at 583.

The facts in *Edens* were similar to those here up to the point that the plaintiff appealed the Warden's denial of emergency status to the ARB. The court reasoned in *Edens* that:

3

> As with *Bulmer*, here there is plausible evidence that plaintiff was not following proper
> prison procedures when he appealed the warden's denial of emergency status. On the
> other hand, given the somewhat contradictory holding in *Glick*, along with the ambiguous
> nature of the Code, the court is hesitant to find that plaintiff failed to exhaust simply
> because appealed the warden's denial of emergency status.

*Edens*, 2016 WL 4191756, at *9. Further, the court noted that "plaintiff was arguably entitled to ignore [the Warden's] directive to resubmit his grievance by filing his appeal." *Id*. at *10. As such, the court did not and would not have found failure to exhaust merely based on the plaintiff's appeal of the emergency grievance denial to the ARB.

The dispositive factor for the court in *Edens* was that the undisputed fact that the plaintiff in that case was given explicit instructions by the ARB to proffer additional information, which the plaintiff refused to do or even to explain that additional information was not forthcoming. The court analogized the case to Seventh Circuit decisions holding that plaintiffs may abandon grievances by refusing to comply with instructions from prison officials. *See Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) (recognizing that the plaintiff in *Cannon* had failed to exhaust because after his initial procedural error, "he did not follow the ARB's explicit instructions to rectify his original mistake"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("Prisons are unlikely to entertain many appeals . . . by prisoners who . . . thumb their noses at the specified procedures.").

Here, in contrast, there is a disputed fact as to whether the ARB sent a response to plaintiff's grievance, and thus whether plaintiff ignored anything. Moreover, according to plaintiff, he filed additional materials requesting an answer and was met with only silence. The Seventh Circuit has held that "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809; *see also Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (noting that "[t]he Eighth and Fifth Circuits have deemed administrative remedies exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable'" and deciding to "join the Eighth and Fifth circuits on this issue because we refuse to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances'"); *Winder v. Sheahan*, 52 F. App'x. 833, 834 (7th Cir. 2002) (holding that "an inmate may file a lawsuit if it becomes apparent that the prison refuses to respond to a grievance").

The court finds that this is sufficient to conclude that a material issue of disputed fact exists as to exhaustion. The court's attempt to parse the tensions between various Seventh Circuit holdings notwithstanding, if *Glick* stands for anything, it is that a plaintiff's action cannot be dismissed for failure to exhaust simply because he appealed the denial of an emergency grievance to the ARB instead of following the CAO's instructions to refile it as a normal grievance. This is particularly true in a case such as this, where according to plaintiff he showed the CAO's ruling to his counselor and the counselor advised him to simply appeal it. Moreover, the instant case points in the opposite direction of *Edens*. Instead of the plaintiff ignoring a request from the ARB, here under plaintiff's version the ARB ignored plaintiff's repeated requests for a ruling, such that plaintiff was arguably entitled to conclude that it had

"become[] apparent that the prison refuse[d] to respond to [his] grievance." *See Winder*, 52 F. App'x. at 834.

      As such, the court finds that there is at minimum a material issue of disputed fact. In light of the court's analysis, defendants are ordered to respond within 30 days if they wish to proceed with their summary judgment motion [82]. If so, the parties are to appear before Magistrate Judge Johnston to conduct an evidentiary hearing before this court as required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *see also Smith v. Schwartz*, 2012 WL 1600559 (S.D. Ill. 2012) (district court may designate magistrate judge to conduct *Pavey* hearing and prepare a report and recommendation on exhaustion).

Date: 11/21/2017                                        ENTER:

                                                             */s/ Philip G. Reinhard*
                                                             United States District Court Judge

                                                                               Electronic Notices. (LC)