IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Juan Gonzalez,                  )

                                )

       Plaintiff,          )     Case No. 16 C 50023

                                )

  vs.                     )

                                )

John O'Brien, D.D.S., et al.,     )     Judge Philip G. Reinhard

                                )

       Defendants.     )

## <u>ORDER</u>

For the reasons stated below, the motion for judgment on the pleadings [164] is denied.

## <u>STATEMENT-OPINION</u>

Defendants, John O' Brien, D.D.S. and Wexford Health Sources, Inc., move for judgment on the pleadings [164] on the Count III (O'Brien) and Count IV (Wexford) equal protection claims in plaintiff's amended complaint [20]. These counts allege O'Brien and Wexford refused to provide plaintiff with dentures free of charge when these defendants have provided other similarly situated inmates with dentures free of charge. Plaintiff argues these allegations are sufficient to plead a class of one equal protection claim and, therefore, defendants' motion for judgment on the pleadings must be denied. Plaintiff also argues that because the court denied [67] the Rule 12(b)(6) motion [35] of O'Brien and Wexford to dismiss these claims two years ago, the court has "at least implicitly, found that there are sufficient facts to state a claim for Defendants' violation of [plaintiff's] Fourteenth Amendment Equal Protection Rights in Counts III and IV" and, therefore, defendants should not be allowed a second attempt to eliminate these claims.

According to the complaint, plaintiff was missing a number of teeth when he first entered the Dixon Correctional Center ("DCC") on December 9, 2010. Because of difficulties with chewing food, in May 2011 he asked a dentist to make him dentures. The dentist would only do so at a cost of $170 which plaintiff did not have so no dentures were prepared. Between then and now plaintiff saw O'Brien numerous times. He had ongoing problems chewing his food and had two other teeth extracted, which made chewing his food even more difficult. Chewing caused him substantial pain which he reported to O'Brien. In July 2014, plaintiff again asked O'Brien to prepare him dentures and O'Brien refused. Plaintiff saw O'Brien again in September 2014 because of the pain in his teeth and gums and his decreasing ability to chew food. Plaintiff had begun losing weight due to his inability to eat and began experiencing Gastro-Esophogeal Reflux

Disease, causing him additional pain, because the food he swallowed was not well chewed. Plaintiff again asked O'Brien to prepare dentures for him and O'Brien again refused.

On September 24, 2014, plaintiff met with prison counselor William Law. Plaintiff explained to Law the problems he was experiencing due to his missing teeth and O'Brien's refusal to prepare dentures for him on plaintiff's numerous requests. Law discussed the matter with O'Brien. After the discussion, Law advised plaintiff that he no longer could get dentures for $170. If he wanted dentures for both his top and bottom teeth, they would cost plaintiff $450. Plaintiff did not have $450 at that time and O'Brien again refused to prepare dentures for him for free.

On December 4, 2014, plaintiff again requested from O'Brien, and was refused, dentures because plaintiff did not have sufficient funds to pay for them. As of April 18, 2016, plaintiff had lost 26 pounds due to his inability to eat properly. He alleges other substantially similarly situated inmates have been provided with either full or partial dentures at no charge to the inmate but that O'Brien and Wexford have refused to do so for him.

Plaintiff correctly observes that the equal protection claims were in the complaint when the court denied [67] the Fed. R. Civ. P. 12(b)(6) motion of O'Brien and Wexford. In his response to the 12(b)(6) motion filed back in November 2016, plaintiff had pointed out that Counts III and IV stated claims that defendants treated him differently than similarly situated prisoners in violation of the Equal Protection Clause of the Fourteenth Amendment. Defendants, in their reply brief filed back on December 5, 2016, had stated:

> [O]n the face of Plaintiff's complaint he has alleged that some prisoners do get dentures free of cost— just not him. Plaintiff has failed to explain how an inmate's status is a suspect classification under the Fourteenth Amendment, which it is not. Moreover, the allegation that some inmates receive free dentures is not a 'pleading in the alternative' under FRCP 8(d)(2)-(3) as Plaintiff claims. A pleading in the alternative provides different theories of liability. Here, Plaintiff has made factual allegations that some inmates get dentures for free but not him. This is not a 'pleading in the alternative' but rather, a situation where Plaintiff is relying on his own dental treatment to state a <u>Monell</u> claim, which is insufficient to do so. Accordingly, Plaintiff's cause of action against Wexford Health Sources, Inc. should be dismissed with prejudice for failing to state a claim."

In a footnote on page 2 of its order [67] entered March 30, 2017 denying O'Brien's and Wexford's Rule 12(b)(6) motion, the court stated:

> The court also notes that defendants argue in their motion that the amended complaint contains redundant counts for Eighth Amendment violations in Counts I and III. Plaintiff points out in his response that the reference to Eighth Amendment violations in Count III was a scrivener's error because it alleges a

Fourteenth Amendment equal protection violation. At this early stage, the court will allow both claims to proceed against Dr. O'Brien.[1]

Nearly two years after this order was entered, O'Brien and Wexford filed the pending motion for judgment on the pleadings arguing plaintiff failed to adequately allege an equal protection claim and therefore failed to state a claim upon which relief can be granted. The docket in this case shows that on August 30, 2018 plaintiff served a subpoena for records on DCC's office record supervisor seeking, inter alia, documents relating to dentures provided to other DCC inmates at no cost. In his motion [137] to compel compliance with this subpoena filed September 19, 2018, plaintiff stated: "The information and documents requested will tend to prove or disprove Plaintiff's claims that similarly situated inmates at the Dixon Correctional Center have been treated differently than Plaintiff with respect to his requests for dentures." He further stated: "In summary, this is the information that will either prove or disprove Plaintiff's Fourteenth Amendment Equal Protection claim." Both Wexford and IDOC resisted providing this information. Ultimately, on February 5, 2019, Magistrate Judge Johnston granted [166] plaintiff's motion to compel and ordered it to produce copies of the dental records of inmates currently at DCC. Meanwhile, on January 29, 2019, O'Brien and Wexford had filed the pending motion for judgment on the pleadings.

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Adams v. City of Indianapolis, 742 F.3d 720, 727-28 (7th Cir. 2014) (citation omitted). "In addition, a Rule 12(c) motion is appropriate only when 'it is clear that the merits of the controversy can be fairly and fully decided in this summary manner.' Wright & Miller, Federal Practice and Procedure, § 1369 (3d ed.)." Birch|Rea Partners, Inc. v. Regent Bank, No. 18-CV-30, 2019 WL 2067358 * 1 (N.D. Ind. May 10, 2019).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Factual allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." Adams, 742 F.3d at 728. The appropriate inquiry is whether the complaint satisfies the notice-pleading standard. "[A] complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). In other words, the plaintiff's complaint must be sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its

---

[1] "[A] litigant need not consolidate all failure-to-state-a-claim arguments in a single dismissal motion." Ennenga v. Starns, 677 F.3d 766, 773 (7th Cir. 2012). A litigant may seek dismissal for failure to state a claim under Rule 12(b)(6) on one argument and later raise a different failure-to-state-a-claim argument in a Rule 12(c) motion. There is no waiver for failing to raise the second argument in the first motion. Id., at 772-73. Because the court finds plaintiff has pled enough to defeat the 12(c) motion, it need not explore whether the court's ruling on the prior 12(b)(6) motion has any bearing on the defendants bringing the current 12(c) motion on the equal protection claim.

basis." <u>Independent Trust Corp. v. Stewart Information Services Corp.</u>, 665 F.3d 930, 934 (7th Cir. 2012).

     Plaintiff has given defendants fair notice of his claim. He has alleged similarly situated inmates at DCC have been given dentures free of charge while defendants have refused to do the same for plaintiff. During the lengthy back and forth of plaintiff's attempt to obtain discovery to support his equal protection claim, plaintiff reiterated the basis for this claim on several occasions. Defendants are well aware what plaintiff is claiming, how he expects to try to prove it, and spent considerable effort resisting his attempt to obtain evidence he believes will support his claim. He has done enough to enable his equal protection claim to join his deliberate indifference claim in advancing to the next stage of this litigation.

     For the foregoing reasons, the motion for judgment on the pleadings [164] is denied.

Date: 6/21/2019               ENTER:

                                    _____
                                     United States District Court Judge

                                        Electronic Notices. (LC)